**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JUN 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSWALDO EUSIBIO-ANASTACIO, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | Nos. 22-1201 <br>      22-1827 <br><br> Agency No. <br> A216-268-988 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted June 22, 2026[**]

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

In these consolidated petitions for review, Oswaldo Eusibio-Anastacio, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ")

decision denying his application for cancellation of removal (petition No. 22-1201)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and the BIA's order denying his motion to reconsider or reopen (petition No. 22-1827). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review de novo questions of law and constitutional claims, and we review for abuse of discretion the denial of motions to reconsider and motions to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

As to petition No. 22-1201, substantial evidence supports the agency's determination that Eusibio-Anastacio has not shown exceptional and extremely unusual hardship to a qualifying relative. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)).

The BIA did not err or abuse its discretion in denying Eusibio-Anastacio's request to remand for the IJ to consider additional evidence. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008), *overruled on other grounds by Cheneau v. Garland*, 997 F.3d 916 (9th Cir. 2021) (BIA correctly treated request for remand as motion to reopen); *see also Najmabadi v. Holder*, 597 F.3d 983, 986

(9th Cir. 2010) (BIA may deny a motion to reopen for failure to introduce previously unavailable evidence).

As to petition No. 22-1827, the BIA did not abuse its discretion in denying Eusibio-Anastacio's motion to reconsider or reopen as his jurisdictional contention is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information), and the BIA did not err in finding Eusibio-Anastacio failed to timely raise his objection to the notice to appear, *see id.* at 1191 (claim-processing objection may be forfeited if the party "waits too long to raise the point" (internal quotation marks omitted)).

The temporary stay of removal is lifted and the motion to stay removal is denied.

**PETITIONS FOR REVIEW DENIED.**